No. 32,758

In the Matter of the Appeal of HARLAN DAY et al. from the Probation of the Alleged Will of Susan A. Day, Deceased.

(66 P. 2d 268)

Opinion on motion to clarify filed March 31, 1937. (For original opinion of reversal, see 144 Kan. 465, 61 P. 2d 1333.)

*Karl V. Shawver* and *J. O. Rankin*, both of Paola, for the appellants.
*Frank M. Sheridan, Bernard L. Sheridan, L. Perry Bishop* and *B. T. Riley*, all of Paola, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: A motion of appellees in the above entitled case was filed in this court on March 30, 1937, because of the filing of a motion in the district court by the appellants, requesting that court to affirm the ruling of the probate court as to the probate of the earlier will of Susan A. Day, deceased, pursuant to the mandate

and opinion of this court, the opinion having been filed November 7, 1936. A copy of the motion in the district court is attached to the motion in this court. In response to the motion filed in this court, the order remanding the case to the district court is made more specific and definite by stating that the district court was not directed by said opinion to make an order and decree that the will of Susan A. Day, admitted to probate by the probate court of Miami county, on April 21, 1926, was duly executed and that it be admitted to probate, and the action of the probate court be approved and ratified, but the district court was directed in the closing paragraph of the opinion to set aside its former decision "and proceed with the matter involved in the appeal from the probate court," which was intended to require a trial on the matter appealed from the probate court, and not an affirmance without a trial.

It should be further stated in response to the matters contained in the motion in this court that there was no intention of this court to direct which of the two cases should be tried first by the district court, and further that this court definitely intended that the question of *res judicata* was not in either case when they left this court, specifically stating that no order as to intestacy and partition was settled or binding as yet.